### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

JS - 6

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-00535 MMM (DTBx) | Date | September 30, 2012 |
|---|---|---|---|

| Title | *Peter Szanto v. Robert S. Lewin* |
|---|---|

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

Proceedings:          **Order Granting Plaintiff's Motion to Remand[5]**

## I.  BACKGROUND

Plaintiff Peter Szanto commenced this action against Robert Lewin in Riverside Superior Court in 2008.[1]  On April 2, 2012, Lewin filed a cross-complaint against Szanto in the action.  Szanto filed a notice of removal on April 11, 2012, invoking the court's federal question and diversity jurisdiction.[2]  On April 17, 2012, Lewis filed an *ex parte* application to remand the action to state court.[3]  Szanto opposes the application.[4]

---

[1]*Ex Parte* Application to Remand State Court Action ("Application"), Docket No. 5 (Apr. 17, 2012) at 2.

[2]Removal at 1.

[3]*Ex Parte* Application to Remand State Court Action ("Application"), Docket No. 5 (Apr. 17, 2012).

[4]Notice of Receipt of *Ex-Parte* Papers, Docket No. 6 (April 30, 2012).

## II.  DISCUSSION

### A.      Legal Standards Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute.  See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000.  See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a).  Only state court actions that could originally have been filed in federal court may be removed.  28 U.S.C. § 1441(a); see also *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### B.      Szanto Cannot Remove an Action He Commenced in State Court

Here, Szanto attempts to remove an action that he commenced in state court some years ago based on a cross-complaint that Lewin filed earlier this year.  A party who initiates an action in state court does not have the right thereafter to remove the action to federal court.  See 28 U.S.C. § 1441(a) (an action "may be removed *by the defendant or the defendants*"); see also *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) ("Here the railroad is the plaintiff under 28 U.S.C. s 1441(a), . . . and cannot remove"); *Thomas v. Advance Housing, Inc.*, 475 Fed. Appx. 405, 407 (3rd Cir. Apr. 3, 2012) ("plaintiffs cannot remove suits to federal court"); *Lawrence v. Secretary of State*, 467 Fed. Appx. 523, 524 (7th Cir.May 3,  2012) (Unpub. Disp.) ("a plaintiff cannot remove his own case").  This is true even if that party's opponent later filed a cross-complaint against the plaintiff.  *Ballard's Service Center, Inc. v. Transue*, 865 F.2d 447, 449 (1st Cir. 1989) ("Title 28 U.S.C. § 1446 authorizes removal only by defendants and only on the basis of claims brought against them and not on the basis of counterclaims asserted by them. Plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them"); *Blanco v. Equable Ascent Financial, LLC*, No. EP–12–CV–134–PRM, 2012 WL 1593181, *1 (W.D. Tex. May 4, 2012) ("'[p]laintiffs cannot remove [a case to federal court], even when they are in the position of defendants with regard to a counterclaim asserted against them,'" quoting 14C Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, FEDERAL PRACTICE AND PROCEDURE § 3730, at 432 (4th ed. 2009)); *Andis v. EMC Mortg. Corp.*, No. 5:11–cv–171 (CAR),

2011 WL 3626673 (M.D.Ga. Aug. 17, 2011) ("federal courts do not permit state court plaintiffs to remove a case to federal court under 28 U.S.C. § 1446(a) even if they are subsequently named as a defendant in a counterclaim or cross-claim," citing Wright, Miller, et al., *supra*; *North Star Capital Acquisitions, LLC v. Krig*, Nos. 3:07-cv-264-J-32MCR, 3:07-cv-265-J-32TEM, 3:07-cv-266-J-32MCR, 2007 WL 3522425, *2 (M.D.Fla. Nov. 15, 2007) ("a counterclaim defendant, who was already in the lawsuit as the original plaintiff, cannot remove pursuant to § 1441(c)")).[5]

### III.  CONCLUSION

For the reasons stated, the court grants Lewin's motion to remand.  The clerk is directed to remand this case to Riverside Superior Court forthwith.

---

[5]Szanto alleges that the court has jurisdiction over the action under 28 U.S.C. § 1441(f) because the case involves real property in Nevada, and no California state court has jurisdiction.  The plain language of 28 U.S.C. § 1441(f) merely permits the district courts to hear cases over which the state court from which the action was removed does not have jurisdiction.  Specifically, it abrogates the doctrine of derivative jurisdiction, which holds that "upon removal of an action from state to federal court, the jurisdiction of the federal court is said to 'derive' from the jurisdiction of the state court."  *U-Haul Co. of Nevada, Inc. v. Gregory J. Kamer, Ltd.*, No. 2:12–CV–00231–KJD–RJJ, 2012 WL 2859927, *2 (D. Nev. July 11, 2012).   See also *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 n. 3 (9th Cir. 1988) (noting the abolition of the derivative jurisdiction doctrine). The statute does not create federal jurisdiction or give parties a right to remove based on a lack of state court jurisdiction.  See 28 U.S.C. § 1441(f) ("The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.").